multiple court orders by unilaterally deciding, inter alia, the child's education and medical needs, and also by continuously interfering with the father's visitation rights. The mother, unlike the father, did not cooperate with the attempts by a court appointed social worker and psychologist to facilitate the parties' coparenting arrangement, and her conduct and attitude indicated a continued unwillingness to support and encourage a relationship between the father and his son (*see e.g. Matter of Mildred S.G. v Mark G.*, 62 AD3d 460 [2009]). Accordingly, the court's conclusion that an award of sole custody to the father would be in the best interests of the child was supported by a sound and substantial basis in the record, and is entitled to deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.

■ Sарıт Ѕнмиеьı, Respondent, v NRT New York, Inc., Doing Business as The Corcoran Group, Appellant. [888 NYS2d 886]—

The award of compensatory damages is supported by the weight of the evidence showing that when defendant, a real estate brokerage firm, terminated its association with plaintiff, a real estate broker, defendant converted plaintiff's customer list and other information that she had stored on the computer that defendant had provided to her, and that plaintiff's resulting loss of commissions amounted to $400,000. We vacate the award of punitive damages because defendant's practice of precluding a terminated employee from having access to its computer system does not evince a high degree of moral turpitude (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]). Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.

■ The People of the State of New York, Respondent, v Jonathan Cando, Appellant. [888 NYS2d 886]—